# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Asfa Kassam, et al., | Case No. 2:24-cv-02051-CDS-BNW |
| Plaintiffs | **Order Granting Unopposed Motion to Transfer or Change Venue** |
| v. | |
| Flux Power Holdings, Inc., et al., | [ECF No. 11] |
| Defendants | |

On December 23, 2024, defendants Flux Power Holdings, Inc. and Ronald F. Dutt filed an unopposed[1] motion to transfer this action to the Southern District of California. Mot., ECF No. 11. Because the motion is unopposed, and a review of the motion on its merits reveals that transfer to the Southern District of California appropriate, the court grants the motion.[2]

## I. Discussion

Under 28 U.S.C. § 1391, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

---

[1] The court notes that it appears that defendant Charles A. Scheiwe has not yet been served. Nonetheless, the court finds resolving this unopposed motion appropriate.

[2] Because I grant the motion to transfer, I do not address the pending motions for appointment of lead plaintiff and approval of counsel. ECF Nos. 12, 13, and 14.

The decision whether to transfer a case is within the discretion of the district court and is made under "an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (internal citation omitted); *see also* 28 U.S.C. § 1404(a). In making this evaluation, courts may consider several factors, including:

> "(1) the location where [any] relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof."

*Jones*, 211 F.3d at 498–99.

The motion addresses these factors, stating that the factors weigh in favor of transfer because: (1) the action could have initially been filed in the Southern District of California; (2) Flux's principal place of business and headquarters are in Vista, California; (3) defendants Dutt and Scheiwe reside in Southern California; (4) the parties and the witnesses have contacts with the forum; (5) Southern California would seemingly be convenient for the parties and witnesses; (6) contacts with Nevada are limited[3]; and (7) much of the discovery that would be disclosed in this litigation is located in California. *See* ECF No. 11 at 3–7. Upon review of the motion, I agree that these factors weigh in favor of transfer. Further, I agree with defendants that the other factors a court should consider when resolving a motion to transfer—the differences in the costs of litigation in the two forums and the availability of compulsory process to compel attendance of unwilling non-party witnesses—are neutral. *Id.* at 7. Accordingly, the majority of factors weigh in favor of transferring this action, so defendant's motion [ECF No. 11] is granted.

---

[3] The plaintiff is not a Nevada resident. Further, unlike other actions, because this is a shareholder class action, the plaintiff's forum of choice is given minimal consideration. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) *cert. denied*, 485 U.S. 993 (1988) (when an individual represents a class, the named plaintiff's choice of forum is given less weight).

II.      Conclusion

IT IS HEREBY ORDERED that defendants Flux Power Holdings, Inc. and Ronald F. Dutt's motion to transfer or change venue **[ECF No. 11] is GRANTED**.

The Clerk of Court is kindly instructed to transfer this case to the United States District Court for the Southern District of California for all further proceedings and, after transfer, to close this case.

Dated: January 14, 2025

_____
Cristina D. Silva
United States District Judge